[No. 3,716.]

## WM. H. HILDRETH *v.* MARTIN SHELTON.

WHEN EQUITY WILL ENFORCE A CONVEYANCE OF THE TITLE AND POSSESSION OF LAND.— If A., being in the possession of land, contracts in writing with B. to sell and convey the land to B., and to deliver him possession at any time within five years, upon the payment of the price agreed on, and C., with notice of this contract, obtains from A. a deed of the land before B. has paid the agreed price, B. may pay the agreed price to C., and equity will compel C. to convey the land to B., and to deliver him possession of the same.

IDEM.— The fact that such land is public land, held by A. under the possessory Act of this State, is no defense.

APPEAL from the District Court of the Seventh Judicial District, County of Mendocino.

Bill in equity to compel Shelton to convey to the plaintiff the title to the land which he had obtained from Gay, with whom the plaintiff made the contract. The tract in dispute was public land, and Gay claimed it under the Act of April

20th, 1852, entitled "An Act prescribing the mode of maintaining and defending possessory actions on the public lands of this State."

The other facts are stated in the opinion.

*George Cadwalader,* for Appellant.

Taking plaintiff at his word, that he did not make any claim to the land until he bought of Gay, it is evident that Gay's title was based exclusively on the Possessory Act of eighteen hundred and fifty-two.

Now, this was inalienable, both from the Act itself, and considerations of public policy.

Section two provides that "no person shall be entitled to maintain any such action for the possession of or injury to any claim unless he or she occupy the same, and shall have complied with the provisions of the third and fourth sections of this Act."

The purely personal character of the right is shown with great clearness by the fifth section, where an absence of over sixty days by the claimant, without paying the County Treasurer fifteen dollars, "forever forfeits" his claim to the lands.

Were the claim assignable, the claimant, under the Act, could not only leave the land for more than sixty days without paying the County Treasurer fifteen dollars, but he could be forced off the land by his assignee without any forfeiture occurring under the Act.

This Court has intimated that this was the correct view in the following cases: *Wright* v. *Whitesides,* 15 Cal. 46; *Brown* v. *Ray,* 17 Cal. 352; *Wolfskill* v. *Malajowich,* 39 Cal. 276.

*Bond & Kelton,* for Respondent.

By the COURT:

The findings are that in May, 1872, Gay, being in posses-
sion of the premises, sold and agreed to convey them to the
plaintiff, and to deliver the possession upon the payment of
three hundred dollars, at any time within five years there-
after; that subsequently the defendant Shelton, with notice
of this agreement, obtained a conveyance of the premises
from Gay, under which deed he entered into possession; that
thereafter the plaintiff demanded of Shelton a conveyance
of the premises and tendered him the sum of three hundred
dollars, but Shelton refused to receive the money or to make
the conveyance, etc. The Court below rendered a decree,
that the defendant convey, and that he surrender the posses-
sion of the premises to the plaintiff. The appeal is taken
from this decree and from the order denying a new trial to
the defendant.

Upon looking into the record, we discover no ground
whatever upon which to disturb the action of the Court
below.

The statement contains no specification of error of law or
insufficiency of evidence which would justify a reversal of
the decree.

The decree and order denying a new trial are, therefore,
affirmed—the remittitur to issue forthwith.