[No. 13439.   Department Two. — May 3, 1890.]

## JOSEPH KNEEBONE, APPELLANT, *v.* MARY ANN KNEEBONE, RESPONDENT.

CONTINUANCE — DISCRETION OF TRIAL COURT. — Applications for continuance are addressed to the sound discretion of the trial court, and its action will not be disturbed on appeal, unless the record affirmatively shows that it abused its discretion.

REPLEVIN — DISMISSAL — JUDGMENT FOR RETURN OF PROPERTY — ALTERNATIVE JUDGMENT FOR VALUE — UNTENABLE OBJECTION OF PLAINTIFF. — In an action to recover the possession or value of certain personal property, where the property has been delivered to the plaintiff, and the action is dismissed without trial, a judgment requiring merely that plaintiff return the property described in plaintiff's complaint to defendant without an alternative judgment for its value, is not erroneous. A judgment in the alternative form prescribed by section 667 of the Code of Civil Procedure is required only in cases where judgment is entered after

trial. And if an alternative judgment were proper, the plaintiff could not complain of the failure to give to the defendant an alternative judgment for the value of the property.

APPEAL from a judgment of the Superior Court of Yuba County.

The facts are stated in the opinion.

*A. J. Ridge,* for Appellant.

*C. A. Webb,* for Respondent.

BELCHER, C. C.— This action was brought to recover the possession or value of certain personal property. The answer denied all the allegations of the complaint, and demanded judgment for a return of the property.

The case was set for trial on the twenty-ninth day of June, 1889, and on that day the plaintiff appeared by attorney and moved the court to continue the case for two weeks. In support of the motion, the attorney read two affidavits, made by plaintiff on the 26th of June. In one of the affidavits the affiant stated that he would be unable to attend the trial at the time set for it, or for two weeks thereafter, on account of sickness, caused by his fall from a tree on the 18th of June, and that he would be a material and necessary witness in his own behalf. In the other affidavit it is stated that one William Kneebone was an important witness for plaintiff, and if present would testify to certain material facts which are set out; that plaintiff was not informed that the case was set for trial till the 18th of June, and that at that time the witness was absent in another county, more than thirty miles from the place of trial, and had continued so absent, and plaintiff could not, by the use of any diligence in his power, secure his attendance at the trial nor procure his deposition.

In opposition to the motion, defendant read counter-affidavits, which tended to contradict the plaintiff's

affidavits, and to show that both the plaintiff and his witness might have been present at the time set for the trial.

The court denied the motion, and thereupon counsel for plaintiff declining to proceed with the trial, judgment was entered dismissing the action for want of prosecution, "and that plaintiff return the property described in plaintiff's complaint to defendant; that the undertaking in said action be delivered to defendant, and that defendant have and recover of and from the plaintiff her costs," etc. From the judgment so entered the plaintiff appeals.

In support of the appeal, it is first claimed that the court erred in denying plaintiff's motion, and that for this error the judgment should be reversed.

It is settled law in this state that applications for continuance are addressed to the sound discretion of the trial court, and its action will not be disturbed on appeal, unless the record affirmatively shows that it abused its discretion. In *Musgrave* v. *Perkins*, 9 Cal. 212, the court, per Field, J., said: "The granting or refusing a continuance rests in the sound discretion of the court below, and its ruling will not be revised, except for the most cogent reasons. The court below is apprised of all the circumstances of the case and the previous proceedings, and is therefore better able to decide upon the propriety of granting the application than the appellate court, and when it exercises a reasonable and not an arbitrary discretion, its action will not be disturbed." And similar language has been used in many subsequent decisions.

After carefully reading all the affidavits found in the record, we are unable to see that the court in any way abused its discretion in refusing to grant the continuance.

It is next claimed that the court erred in adjudging that "plaintiff return the property described in plaintiff's complaint to defendant." It is said the judgment should

have been for a return of the property (describing it), or the value thereof in case a return could not be had; in other words, in the alternative form, as prescribed by section 667 of the Code of Civil Procedure.

The section referred to applies to cases where judgment is entered after trial, and not to cases like this, where the action is dismissed without trial.

It would seem, from the record, that the property in controversy here must have been taken from the possession of the defendant when the action was commenced, under the provisions of section 512 of the Code of Civil Procedure, and if so, the defendant was clearly entitled to its return when the action was dismissed. And it was a matter of no concern to the plaintiff whether the judgment was in the alternative form or not, as he had no option as to whether he should pay for or return the property. In *Waldman* v. *Broder,* 10 Cal. 380, the court said: " The legal effect of a finding for the defendants on the question of the plaintiff's right to the property is to entitle the defendants, from whom it was taken, to its restoration. Nor is there anything in the failure to give an alternative judgment for the value of the property. This omission might be complained of by defendants if they had shown the value; but it is no ground of complaint on the part of the plaintiff."

In our opinion the judgment was in proper form, and we advise that it be affirmed.

GIBSON, C., and HAYNE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.