[L. A. No. 594.   Department One.—March 26, 1900.]

THOMAS WILKERSON, Receiver, etc., Respondent, v. JESSE
W. THORP et al., Defendants.   EDWARD S. SHAT-
TUCK, Appellant.

CHATTEL MORTGAGES ON CROPS—PRIORITY—SECOND MORTGAGE TO SECURE
RENT—PRIOR AGREEMENT IN UNRECORDED LEASE—NOTICE.—One who
takes a first chattel mortgage on growing crops and crops to be
grown during the year, duly verified and recorded, to secure
the payment of a *bona fide* indebtedness, is protected against a
second mortgage of the growing crops to secure rent, though
executed pursuant to a prior agreement therefor contained in
an unrecorded lease, and though the first mortgagee had notice
of the existence of the lease, if he had no actual notice of the
agreement to give a mortgage to secure the rent therein con-
tained.

ID.—KNOWLEDGE OF LEASE—CONSTRUCTIVE NOTICE—USUAL COVENANTS—
UNUSUAL AGREEMENT FOR CHATTEL MORTGAGE.—The knowledge of
the existence of an unrecorded lease is only constructive notice
of the usual covenants ordinarily contained in a lease, and is
not constructive notice of an unusual covenant therein agree-
ing to give the owner of the land a chattel mortgage to secure
the payment of rent on all of the crops to be put in by the
lessee, as soon as the crops should be out of the ground.

ID.—REPLEVIN OF CROPS BY LESSOR—IMPROPER JUDGMENT FOR VALUE—
LIENS FOR BALANCE OF RENT—CREDIT.—In an action of replevin for
the crops brought by the lessor, a judgment in his favor for the
full value of the crops in excess of the balance due for rent is
improper in any event. The plaintiff, at the most, had only
a lien upon the crop for the balance of rent due him; and, if
he could not recover the identical crop, he was entitled to no
greater sum as damages than the balance due him after cred-
iting the value of crops received and sold by him, which should
be applied as a payment on rent.

ID.—VALIDITY OF CHATTEL MORTGAGE—CROP TO BE RAISED.—A valid
chattel mortgage may be made not only upon growing crops,
but also upon a crop to be raised upon specified land after the
execution of the mortgage during a defined term.

APPEAL from a judgment of the Superior Court of Los
Angeles County and from an order denying a new trial. M.
T. Allen, Judge.

The facts are stated in the opinion of the court.

Graves, O'Melveny & Shankland, and Carroll H. Allen, for Appellant.

C. F. McNutt, and Dunnigan & Dunnigan, for Respondent.

THE COURT.—The facts of this case are substantially as follows: On November 30, 1896, the plaintiff made a written lease to defendant Thorp of certain real estate in Los Angeles county for the term of one year from the date thereof, for the rental of eight hundred and fifty dollars, one-half to be paid on or before the first day of August, and the remainder on or before the thirtieth day of October, 1897. The lease was not acknowledged nor recorded. In addition to the usual covenants it contained the following clause:

"And the said party of the second part also further agrees that as soon as the crop which is hereafter to be put in by the second party is out of the ground and growing, he will give said first party, as additional security for said rent, a crop mortgage on all of the said crop so put in."

On March 1, 1897, the defendant Thorp, for a valuable consideration, executed a mortgage to appellant upon the growing crops, and crops to be grown during the year, upon the premises described in the lease, as security for four hundred and sixty-nine dollars and sixty cents. This mortgage was properly acknowledged, verified, and recorded on the last-named date. The mortgage, after describing the land on which the crop was growing and to be grown, recited, "being land leased by one Thomas Wilkerson (receiver) to said Jesse W. Thorp by certain indenture of lease dated November 30, 1896." On April 12, 1897, the defendant Thorp executed to plaintiff, as security for the said eight hundred and fifty dollars rent agreed to be paid by Thorp, a mortgage upon the growing crops upon the leased premises. This mortgage recited that it was given in pursuance of the "covenants and stipulations in said lease contained." It was properly verified, acknowledged, and recorded. This action was brought to recover one hundred and thirty-five tons of hay, raised upon said leased premises during the year 1897, being part of the crop described in both mortgages, or, in case a return could not be had, for nine hundred dollars, the alleged value thereof. The case was

tried before the court, findings filed, and judgment entered for plaintiff as prayed. This appeal is from the judgment and from an order denying appellant's motion for a new trial.

The main question at the trial was as to whether the mortgage of appellant gave him the first lien upon the hay so grown upon the leased premises. The court found that the appellant, at the time of the making and execution of his mortgage, knew the defendant Thorp had leased the premises from plaintiff, and "well knew that by the terms of said lease and the covenants therein contained the said Thorp, as a part of the consideration for said lease, covenanted and agreed that he, defendant Thorp, would execute a mortgage upon all the crops sown upon said place as soon as the said crops were up and growing, to secure the rents reserved in said lease."

It is contended that the portion of the finding quoted is not supported by the evidence, and we think the contention will have to be sustained. The appellant, during the year 1896, held a crop mortgage from defendant Thorp on the crops grown during 1896 upon the same premises to secure a different indebtedness. At the time of making the mortgage of March 1, 1897, the appellant went with defendant Thorp to a notary public and took the old mortgage of 1896 and told the notary where to make the changes as to dates, amounts, and parties, and to draw a new mortgage the same as the old one with the suggested changes. Appellant testified that he knew that defendant Thorp had the premises leased from plaintiff, but that he did not know, and had no information from any source, of the covenant in the lease to make a crop mortgage. That defendant Thorp told him that the lease was the same as the year before, only it was cash rent instead of a part of the crop. That after his mortgage was executed he recorded it, and looked in the records and found no other mortgage and no lease of record. That he never saw the lease until after this suit was brought, and he then asked Thorp to get it and bring it to him, and he then saw it for the first time. The defendant Thorp testified to the same effect, and said: "I did not state to Shattuck at that time the terms of any lease under which I held, only in this way: It was cash rent in place of a share of the crop. I did not tell Shattuck that I agreed to give a mortgage at all."

The evidence quoted is all the evidence in the record as to the question of notice to appellant. It is not claimed by respondent that there was any evidence of actual notice, but it is claimed that the fact that appellant knew of the lease was constructive notice to him, not only of the usual covenants, but of the entire contents, and that such knowledge of the lease justified the finding that appellant "well knew" of the covenant to mortgage. We do not think the doctrine of constructive notice can be carried to the extent claimed. Constructive notice is a knowledge of such facts, that the party possessing such knowledge is conclusively presumed to know other things besides the facts which have been proven to have come to his knowledge. The information or knowledge of facts possessed by a party must be such that he is conclusively presumed to have notice of the main fact to which the constructive notice is invoked. Constructive notice is defined by the Civil Code, section 19, as follows: "Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact has constructive notice of the fact itself in all cases in which, by prosecuting such inquiry, he might have learned such fact."

In this case the particular fact was the agreement in the lease to mortgage the growing crops as security for the rent. The appellant knew of the lease, the lessee, the term, and the rent that was to be paid. Were these facts sufficient to put a prudent man on inquiry as to the agreement to mortgage the crop as security? It does not seem to us that they were. It is not usual for a lease to provide that the rent shall be thereafter secured by a crop mortgage to be given to the lessor. In fact, it is unusual. It is no more usual nor customary for the lessee to give a mortgage on the growing crop to secure the rent than it is for him to give such mortgage to the merchant who furnishes him with groceries, seed, and tools, or the banker or capitalist who furnishes him money with which to plant and harvest his crop. It is said in Wade on the Law of Notice, second edition, section 321: "It is also held that where the title papers recite the fact of the existence of a lease, it takes effect as notice of the covenants therein contained. But the effect of a lease is confined to the ordinary covenants therein." In *Flight v. Barton,*

3 Mylne & K. 282, it is said that a defendant entering into an agreement for an under-lease has constructive notice of all usual covenants. In *Lodge v. Simonton*, 2 Penr. & W. 439, 23 Am. Dec. 38, it is said: "The doctrine however, generally adopted is that whatever puts a party upon inquiry amounts, in judgment of law, to notice, provided the inquiry becomes a duty and would lead to the knowledge of the requisite fact by the exercise of ordinary diligence and understanding." In *Peebles v. Reeding*, 8 Serg. & R. 496, Mr. Justice Duncan, after going fully into a discussion of the doctrine of constructive notice, says: "The true ground in all cases for determining the question of notice is that in itself it is a species of fraud, and takes away the *bona fides* of the purchaser and puts him in *mala fide*." There is nothing disclosed in the record here that takes away the *bona fides* of appellant. Almost any ordinarily prudent man would have made no further inquiry as to the lease than was made by him. In *Vassault v. Austin*, 36 Cal. 691, this court held that the fact that both husband and wife join in a deed of land is not constructive notice to a creditor that the wife held a prior unrecorded deed. In the opinion it is said: "Purchasers may, as a general rule, rely with safety upon the legal presumptions arising from the apparent facts relating to the title, without going in search of possible facts to test or overthrow the presumptions."

The findings numbered 3 and 8 are not supported by the evidence. They are to the effect that plaintiff has not been paid any of the eight hundred and fifty dollars rent due him by defendant Thorp. The uncontradicted evidence shows that plaintiff received and sold hay and barley off the place amounting to the net sum of three hundred and thirty-nine dollars and sixty-four cents, which should be applied as a payment on the rent.

The judgment was erroneous in ordering that in case the hay cannot be delivered to plaintiff that he have judgment for nine hundred dollars. This judgment not only failed to give credit for the three hundred and thirty-nine dollars and sixty-four cents on the original amount due for rent, but was for the entire rent and fifty dollars more. The plaintiff at most had no more than a lien upon the hay for the balance of rent due him.

In such case if he could not recover the identical hay he was entitled to no greater sum, as damages, against the owner, or one in privity with him, than the balance due him. (Civ. Code, sec. 3338; *Treadwell v. Davis*, 34 Cal. 606; 94 Am. Dec. 770; *Pico v. Martinez*, 55 Cal. 151; *Wood v. Franks*, 56 Cal. 217; *Smith v. Phillips*, 47 Wis. 205; *Bailey v. Godfrey*, 54 Ill. 512; 5 Am. Rep. 157.) The views herein expressed make it unnecessary for us to decide the question as to whether the agreement in the lease to mortgage personal property, even if known to appellant, without any mortgage having been made, acknowledged, or verified as required by the code in mortgages of personal property, would have the effect to create in plaintiff a lien that would take precedence over appellant's mortgage.

Respondent contends that the mortgage to appellant is void because made upon crops to be grown, and which were not in existence at the time the mortgage was executed. It has been long settled, and has now become an established rule of property in this state, that a valid mortgage may be made upon a crop to be raised after the execution of the mortgage. (*Arques v. Wasson*, 51 Cal. 620; 21 Am. Rep. 718; *Lemon v. Wolff*, 121 Cal. 274; *Hall v. Glass*, 123 Cal. 500; 69 Am. St. Rep. 77.) Another complete answer to the contention is that appellant's mortgage was upon "growing crops and crops to be grown." There is no evidence to which our attention has been called that the crops were not growing on March 1, 1897, when appellant's mortgage was executed.

The judgment and order are reversed.

Hearing in Bank denied.