[Civ. No. 2181.   Second Appellate District.—September 3, 1918.]

## STATE BANK OF RAMONA (a Corporation), Appellant, v. F. G. CLELLAND et al., Respondents.

CHATTEL MORTGAGE—POTENTIAL EXISTENCE—PERSONAL PROPERTY.— The statute relating to mortgages of personal property (section 2955 of the Civil Code) permits the mortgaging of personal property having a potential existence.

ID.—MORTGAGEABLE PERSONAL PROPERTY.—Under the last amendment of section 2955 of the Civil Code mortgages may be made upon any and all kinds of personal property except certain things enumerated.

ID.—ACTION BY MORTGAGEE AGAINST MORTGAGOR—CLAIM FOR DAMAGES FOR SELLING MORTGAGED PROPERTY—FINDINGS FOR DEFENDANT SUSTAINED.—In this action by the mortgagee against the mortgagor, in a chattel mortgage, of all the defendant's "bees, bee material and implements and hives and produce of bees," to recover with incidental damages the value of honey sold, which the plaintiff claimed was subject to the lien of his mortgage, a finding that the evidence fails to show that the honey was mortgaged by the chattel mortgage, and that the plaintiff was not damaged in any sum, was justified, where there was nothing in the record to show that the honey sold had been produced by the defendant from the bees and apiary stock included in the mortgage.

APPEAL—ALTERNATIVE METHOD—RECORD—INSUFFICIENT BRIEF.—Where an appeal is taken from a judgment under the alternative method, and no sufficient transcript of the testimony is printed in the briefs to illustrate the point sought to be presented by the appellant, an appellate tribunal would be justified in affirming the judgment for that reason alone.

APPEAL from a judgment of the Superior Court of San Diego County.   W. A. Sloane, Judge.

The facts are stated in the opinion of the court.

Bischoff & Thompson, for Appellant.

Wirt Francis, for Respondents.

JAMES, J.—This appeal is taken by the plaintiff from an adverse judgment and is presented by the alternative method of appeal.

Defendant Clelland resided in the county of San Diego and was engaged in the business of farming and bee-keeping. Being indebted to the plaintiff bank, he executed a chattel mortgage covering a number of animals and various kinds of machinery and implements, including those connected with his business as bee-keeper. Among the property described was the following: "All my bees, bee material and implements and hives and produce of bees." In the year 1915 a quantity of honey in excess of the value of three hundred dollars was sold by Clelland to the defendant Produce Company. Plaintiff, contending that this honey was subject to the lien of the chattel mortgage, brought this action to recover the value of the honey and incidental damages. The trial judge, in determining the facts, made the following finding: "That the defendant, F. G. Clelland, during the months of June, July, August and September, 1915, sold to the defendant, Coast Produce Company, honey of the market value of three hundred seventy-four and 07/100 dollars; that the evidence fails to show that said honey was honey previously mortgaged by the chattel mortgage herein mentioned, that said sale was without the knowledge and consent of plaintiff, but that said plaintiff was not damaged in the sum of three hundred seventy-five dollars, or any other sum, or at all by said sale, . . . " Counsel for appellant first contend that by this finding it was the purpose of the court to determine that honey to be produced by the mortgagor after the date of the mortgage was not, under the statute, included under the lien of the mortgage. We agree with the appellant that the statute does permit the mortgaging of any personal property which may have a potential existence at the time of the creation of the mortgage. (*Arques* v. *Wasson,* 51 Cal. 620, [21 Am. Rep. 718] ; *Wilkerson* v. *Thorp,* 128 Cal. 221, [60 Pac. 679].) The statute (Civ. Code, sec. 2955), formerly contained an enumera-

tion of various kinds of property which might be made the subject of a chattel mortgage, and this list was added to at various sessions of the legislature. However, by the last amendment made, the terms of the statute were entirely changed, and as it now reads it provides that mortgages may be made upon growing crops and upon "any and all kinds of personal property," except certain things not necessary here to be enumerated. Passing the point first presented, it will be noted that by the finding the court determined that "the evidence fails to show that said honey was honey previously mortgaged"—in other words, the finding is that the plaintiff failed to show that the honey sold to the Produce Company defendant was honey covered by the chattel mortgage. In the absence of any showing to the contrary, we must assume that the evidence supported the finding of the trial judge. Under the alternative method of appeal the parties are required to print in their brief such portions of the testimony as they desire to call attention to. We find no sufficient transcript of the testimony in the briefs to illustrate the point, and for that reason alone would be justified in affirming the judgment. (*Barker Bros.* v. *Joos,* 36 Cal. App. 311, [171 Pac. 1085].)

However, without any obligation so to do, we have examined to some extent the transcript of the testimony on file in typewritten form, and are of the opinion that the plaintiff did not sustain the burden of proof and show that the particular honey purchased by the Produce Company was honey which had been produced by Clelland from the bees and apiary stock included in the mortgage. For aught that is shown by the testimony expressed in the record, Clelland may have purchased all or a part of the honey which he sold to the Produce Company, and if such was the case plaintiff would have had no lien thereon. The affidavits used on the motion for a new trial which present evidence as to this essential fact cannot be here considered in aid of the case as made out at the trial and upon which the judgment of the court was based.

The judgment appealed from is affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 31, 1918.