[Civ. No. 2133. Second Appellate District, Division Two.—June 7, 1919.]

ROBERT E. GRIFFITH, Appellant, v. J. J. REDDICK et al., Respondents.

[1] MECHANICS' LIENS—REPAIR OF TRUCK—POSSESSION BY LIEN CLAIMANT—USE BY OWNER—OBTAINING POSSESSION BY "TRICK AND DEVICE."—Where the owner of an automobile truck, which was held in the possession of another by virtue of a lien for repairs, obtained possession of it on one occasion without the knowledge or consent of the lien claimant, who immediately demanded and secured its return, the owner, in effect, disclaiming any intention to interfere with the former's claim of lien, or where such lien claimant permitted the truck to be used in the owner's business for a few days, it being in the charge of one of the lien claimant's drivers and returned to his place of business each night, or where the owner by "trick or device" induced such driver to take the truck to a given garage, where he had left orders with the people in charge that they were not to allow said driver to remove it, from which place the lien claimant, with several of his workmen, took more or less forcible possession of the truck and drove it away, the lien claimant did not lose his lien, or even his constructive possession.

[2] ID.—CLAIM AND DELIVERY—MEASURE OF RECOVERY BY LIEN CLAIMANT.—Where one claims the right of possession of personal property in claim and delivery by virtue of a lien, the measure of his recovery, in the event his possession cannot be restored, is the amount of his lien, and it must, therefore, be necessary for the court to find that amount. The amount of his lien is not necessarily what he claims is due him, but what is actually due and owing.

[3] ID.—FAILURE TO DETERMINE AMOUNT OF LIEN—ALTERNATIVE PART OF JUDGMENT VALID.—In an action in claim and delivery, the error of the court in adjudging that in case a redelivery of the property cannot be had, the defendant recover from plaintiff the amount of the lien *claimed* against said property will not affect the part of the judgment giving the defendant the right to a redelivery of the property.

[4] ID.—RIGHT TO ALTERNATIVE JUDGMENT—CONSTRUCTION OF CODE PROVISION.—The code provision entitling the prevailing party in proceedings under claim and delivery to an alternative judgment for the value of the property in case a return cannot be had is solely for the benefit of the prevailing party, and does not, where the judgment is for a redelivery to the defendant, or for the

value if a return of the property cannot be had, give to the plaintiff the privilege of either redelivery or payment of the value, at his option. The latter must return the property if it is within his power to do so.

APPEAL from a judgment of the Superior Court of Los Angeles County. Stanley A. Smith and Grant Jackson, Judges. Affirmed in part; reversed in part.

The facts are stated in the opinion of the court.

Perry F. Backus for Appellant.

Lucius M. Fall for Respondents.

SLOANE, J.—Plaintiff has appealed from a judgment in favor of defendants for the return of possession of an automobile truck, or for the sum of $1,334.31, the amount of lien claimed by defendants against the same in case a redelivery of the property cannot be had.

Alleged insufficiency of the evidence to sustain the findings, and insufficiency of the findings to sustain the judgment, are the grounds of appeal.

Very little consideration is required in disposing of the sufficiency of the evidence and findings in support of defendant's right to a redelivery of the property. It clearly appears that defendant Reddick, an automobile machinist, was in possession of the truck by virtue of a lien for extensive repairs made thereon in his shop. Plaintiff claims that this lien was lost by a voluntary relinquishment to him of the possession of the truck. The plaintiff did obtain possession of it on one occasion, by taking it from the shop without the knowledge or consent of defendant Reddick, at a time when no other person was present than a workman, who was at times casually in the employ of said defendant, but who does not appear to have been working for him at this time, or to have had authority to permit the machine to be taken from the shop. Defendant Reddick immediately demanded and secured its return to his place of business and possession, and the plaintiff, in effect, disclaimed any intention to interfere with said defendant's lien. Later the defendant Reddick permitted the truck to be used in plaintiff's business for a few days with one of

his (Reddick's) employees in charge as driver, who returned it to said defendant's place of business every night. If it was during this period at any time in the control of plaintiff in person, it was with the understanding that it was in no way a surrender of the lien. While the machine was being driven for plaintiff by defendant Reddick's employee, plaintiff, by what may be properly termed a ''trick or device,'' induced the driver to take the truck into what was known as the Normal Garage, where he had left orders with the people in charge that they were not to allow the said driver to remove it. When he attempted to do so he was prevented. Thereupon he notified his employer, who, with several of his workmen, repaired at once to the Normal Garage and took more or less forcible possession of the truck and drove it away. Plaintiff thereafter brought this action, and obtained, through a writ of replevin, possession of the truck.

[1] By none of the transactions narrated, leading up to this suit, did defendant Reddick lose his lien, or even his constructive possession. The detention of the truck in the Normal Garage was unwarranted, and did not confer possession of any kind upon plaintiff, and if the removal of it by said defendant was forcible, it was not as against any possession on the part of plaintiff, but that of the Normal Garage.

The findings of the court that defendant Reddick was in possession of this truck under a valid lien and was entitled to its possession when it was taken in the claim and delivery proceedings, and the judgment of the court that he recover possession thereof from the plaintiff, were all properly made and given.

The only allegation of error which is open to discussion is with regard to the findings and judgment granting the alternative relief that in case a redelivery of the property cannot be had, defendants recover from plaintiff the sum of $1,334.31, the amount of the lien claimed against said personal property.

The plaintiff disputed the amount of defendant Reddick's claim of lien, and on the trial he was not permitted to introduce his evidence in that relation. Moreover the findings of the court are irreconcilably inconsistent in this regard. In finding V the court declares ''that all of the

admissions, denials, and allegations contained in defendants' second defense are true, except that, while the court finds that defendant Reddick claims a lien to the extent of $1,334.31 on said personal property herein mentioned, and plaintiff admits there is some undetermined amount due him for repairs thereto, the court does not find as to the amount due Reddick." In finding VI it is declared "that all of the admissions, denials, and allegations contained in paragraphs I, II, and III of defendants' second defense are true, and sustained by the evidence. "Paragraph III of the second defense, referred to in this finding, states that the defendant Reddick had performed and rendered services in and about said truck, and furnished materials for its reconstruction, "to the amount of $1,560.31, no part of which has been paid, except the sum of $226, leaving a balance wholly due, owing, and unpaid 'from said plaintiff to said defendant J. J. Reddick of $1,334.31." Either the first quoted finding, being specific in its terms, must control the more general one relating to the truth of the allegations of the answer, or the two findings must stand in irreconcilable conflict.

[2] As we understand the procedure laid down by the supreme court in *Wilkerson* v. *Thorp*, 128 Cal. 221, [60 Pac. 679], and other decisions to the same effect, when one claims the right of possession of personal property in claim and delivery by virtue of a lien, the measure of his recovery, in the event his possession cannot be restored, is the amount of his lien, and it must, therefore, be necessary for the court to find that amount. The amount of his lien is not necessarily what he claims is due him, but what is actually due and owing. For the reasons stated, the alternative part of this judgment cannot be sustained.

[3] We see no reason, however, why this should affect the part of the judgment giving to defendant the right to a redelivery of the property. [4] The code provision (Code Civ. Proc., secs. 627 and 667) entitling the prevailing party in proceedings under claim and delivery to an alternative judgment for the value of the property in case a return cannot be had, is solely for the benefit of the prevailing party. It does not, where the judgment is for a redelivery to the defendant, or for the value if a return of the property cannot be had, give to the plaintiff the

privilege of either redelivery or payment of the value, at his option. He has to return the proeprty if it is within his power to do so, and it is no concern of his if the defendant fails to obtain his alternative relief. It is even held, in cases where it is made to appear on the trial that a redelivery cannot be had, that the converse of this proposition is true, and that judgment can be taken for the value without a judgment for the return of the property. (*Claudius* v. *Aguirre,* 89 Cal. 501, [26 Pac. 1077]; *Etchepare* v. *Aguirre,* 91 Cal. 288, [25 Am. St. Rep. 180, 27 Pac. 668, 929]; *Burke* v. *Koch,* 75 Cal. 356, [17 Pac. 228]; *Brown* v. *Johnson,* 45 Cal. 76; *Erreca* v. *Meyer,* 142 Cal. 308, [75 Pac. 826]; *Faulkner* v. *First Nat. Bank,* 130 Cal. 258, [62 Pac. 463]; *Bradley* v. *McDonald,* 36 Cal. App. 807, [169 Pac. 427]; *Waldman* v. *Broder,* 10 Cal. 378; *Kneebone* v. *Kneebone,* 83 Cal. 645, [23 Pac. 1031].)

In the case of *Waldman* v. *Broder, supra,* the court says: ''The jury having found a general verdict for the defendant in this action of replevin, the property which had under the previous proceedings been taken from the defendants was properly directed by the court to be returned to the defendants. . . . Nor is there anything in the failure to give an alternative judgment for the value of the property. The omission might be complained of by the defendants if they had shown the value, but it is no ground of complaint on the part of plaintiff.'' In *Kneebone* v. *Kneebone, supra,* there was a judgment of dismissal of plaintiff's action in claim and delivery and for a return to defendant of the property taken thereunder. It was claimed on appeal ''that the court ˙erred in adjudging that plaintiff return the property described in plaintiff's complaint to the defendant. It is said that the judgment should have been for a return of the property (describing it), or the value thereof, in case a return could not be had; in other words, in the alternative form as prescribed by section 667 of the Code of Civil Procedure.'' The court then says: ''It was a matter of no concern to the plaintiff whether the judgment was in the alternative form or not, as he had no option as to whether he should pay or return the property.'' It has been held in general terms, and without discussion, in two or three California decisions that the provisions of the code as to an alternative judgment must

be followed (*Berson* v. *Nunan,* 63 Cal. 550; *Brichman* v. *Ross,* 67 Cal. 601, [8 Pac. 316]), but these cases have been questioned, or distinguished from the facts here under consideration, by later decisions (*Claudius* v. *Aguirre,* 89 Cal. 501, [26 Pac. 1077]), and we are satisfied do not change the doctrine as laid down in the other decisions herein cited.

If the defendant has not had or cannot obtain a redelivery of the property, he should be entitled to a new trial as to the amount of his lien.

The judgment is affirmed as to all matters excepting the alternative that plaintiff recover the sum of $1,334.31, the amount of the lien claimed against said personal property in case a redelivery of same cannot be had. That part of the judgment is reversed, and a new trial directed as to the amount of defendant's claim of lien, unless a new trial on that issue be waived by the defendants.

Finlayson, P. J., and Thomas, J., concurred.