[L. A. No. 5339. Department Two.—December 23, 1919.]

J. F. CONNELL, Appellant, v. J. N. HOGG, etc., Respondent.

[1] CLAIM AND DELIVERY—LIEN FOR REPAIRS—JUDGMENT—AMOUNT OF.—In an action to recover the possession of an automobile upon which defendant claimed a lien for repairs, the defendant was entitled to judgment for no greater sum as damages than the amount owing to him, and a judgment in his favor for the value of the machine was erroneous.

[2] ID.—REASONABLE VALUE OF REPAIRS—FINDING—PLEADINGS.—Where in such action the plaintiff alleged that the amount claimed by defendant for repairs was grossly in excess of their reasonable value and that they were not reasonably worth any sum in excess of a stated amount, and the defendant denied that the sum claimed was grossly or at all in excess of the reasonable value, and denied that the sum alleged by plaintiff was their reasonable value, but that such value was a sum in excess of that alleged by plaintiff, the finding that the reasonable value was a sum substantially in excess of the sum alleged by plaintiff was not a finding against an admission in the pleadings.

APPEAL from a judgment of the Superior Court of Los Angeles County. Louis W. Myers, Judge. Affirmed in part, reversed in part.

The facts are stated in the opinion of the court.

R. L. Horton for Appellant.

Hickcox & Crenshaw for Respondent.

LENNON, J.—Replevin for an automobile upon which defendant claims a lien for repairs. Judgment was entered for defendant, and plaintiff appeals on the judgment-roll alone.

Defendant rendered a bill for repairs upon the machine in question amounting to the sum of $449. Plaintiff paid $122 on account and tendered the sum of $150 as payment in full of the balance due, asserting that the reasonable value of the repairs was not in excess of $272. Defendant refused to accept the sum so tendered. Plaintiff thereupon instituted this action, alleging that $449 was grossly in ex-

cess of the reasonable value of the repairs and that the said repairs were not reasonably worth any sum in excess of $272. The court failed to find the true amount of defendant's lien, but found that it was in excess of $272, and thereupon made its conclusion of law that defendant was entitled to judgment against plaintiff for the possession of the automobile or for the value thereof in the amount of $2,999.99. Judgment was rendered accordingly.

[1] This was error. Defendant, at most, had no more than a lien upon the machine for the balance due him for the repairs made. In such case, if he could not recover the machine, he was entitled to no greater sum as damages than the amount so owing to him. (*Wilkerson* v. *Thorp*, 128 Cal. 221, [60 Pac. 679]; *Griffith* v. *Reddick* (Cal. App.), 182 Pac. 984.) The cause must, therefore, be remanded for a determination of the amount due to defendant for the labor and materials expended by him.

We see no reason, however, why that portion of the judgment which requires a return of the machine should not be affirmed if the amount due is substantially in excess of $272. The defendant, in his answer, denied that the sum of $449 was grossly or at all in excess for the said repairs, alleging that the services performed and the materials furnished were reasonably worth in excess of $272, and denying that $272 was the reasonable value of said services and materials. The court found: "That the services performed upon said automobile by said defendant were of the reasonable value of a sum in excess of two hundred seventy-two dollars ($272.00), and that the balance due to said defendant by reason thereof was in excess of the sum of one hundred fifty dollars ($150.00)." Construed in the manner which will support the judgment, the finding is, in effect, that the reasonable value of the repairs was a sum substantially in excess of $272. Appellant insists that, so construed, the finding is against defendant's admission in the pleadings that the reasonable value of the repairs was substantially $272. That part of the answer which avers that the services performed and the materials furnished were reasonably worth in excess of $272, and which denies that $272 was the reasonable value of said services and materials, torn from its context and standing alone, does, without doubt, amount to an admission that the services

and materials in question were not worth a sum substantially in excess of $272. The answer cannot, however, be so construed. Read in the light of the context, the statements are, in effect, that the services performed and the materials furnished were reasonably worth in excess of $272, namely $449, and that the reasonable value of said services and materials was not $272 or any other sum than $449. So construed, the statements cannot be said to amount to an admission that the repairs were not worth a sum substantially in excess of $272. [2] The finding is not, therefore, against an admission in the pleadings.

The judgment is affirmed as to all matters excepting the alternative that defendant recover the sum of $2,999.99 in case redelivery of the machine cannot be had. That portion of the judgment is reversed, and a new trial ordered solely as to the issue of the amount of defendant's lien, unless the parties agree that the court may enter findings on this issue upon the evidence already before it.

Wilbur, J., and Kerrigan, J., *pro tem.,* concurred.