[Civ. No. 128.   Fourth Appellate District.—March 4, 1930.]

F. O. BUNNELL, Appellant, v. EARL BAKER, Respondent.

Beecher S. Stowe, Ben S. Hunter and L. E. Dadmun for Appellant.

A. Heber Winder and John J. Craig for Respondent.

MARKS, J.—On June 1, 1927, the Mack International Truck Corporation, as seller, entered into a conditional sales contract with respondent, as purchaser, whereby the seller agreed to sell to the buyer four Mack trucks for the sum of $14,081.60, upon which a cash payment of $10,500 was

acknowledged. The balance of $3,581.60 was made payable in seven installments, the first six of which were in the sum of $500 each and the seventh in the sum of $581.60. The first installment became due on July 14, 1927, and the balance on the fourteenth day of each month thereafter. Deferred payments were made to bear interest at the rate of eight per cent per annum. The sales contract contained the provisions usually found in such agreements. It reserved title in the seller and gave it the right to retake possession of the trucks in case of a default in the payments by the buyer. The contract was a renewal of former conditional sales contracts for the same trucks which, when new, sold for over $22,000. The buyer defaulted in some of his payments on this renewed contract, but his defaults were all waived by the seller, except, perhaps, that made by his failure to pay the one falling due on December 14, 1927. It is not necessary to decide here the question of whether or not the failure of respondent to make this payment, when due, was waived by the seller.

Appellant was a dealer in trailers and truck equipment. He sold respondent two trailers and some extra wheels for the trucks upon a conditional sales contract and had trouble in making his collections. About December 10, 1927, he entered into negotiations with the Mack International Truck Corporation for its conditional sales contract with respondent and on December 17, 1927, it was assigned to him. He claims to have paid the Mack International Truck Corporation $2,968.25 for the contract, but the evidence on this point is not very clear.

On the morning of December 27, 1927, the four trucks were attached by the sheriff of Riverside County, in an action filed in Riverside County, entitled Van Rowen against Baker (respondent here). The next case filed was the one at bar in which appellant sought to gain possession of the trucks. The complaint alleges that they were in the possession of respondent, but whether or not this allegation was true when the complaint was filed is not entirely clear from the record. The same attorney acted for both plaintiffs. The writ was issued in the case before us and five days thereafter the attachment was released and the trucks delivered into the possession of appellant. Respondent filed an answer and cross-complaint whereby the material

allegations of the complaint were denied, and possession of the trucks, or their value, which he placed at $15,000, was sought, together with damages for withholding the same and also $10,000 as exemplary damages.

The case was tried before a jury which returned a verdict against appellant and in favor of respondent and fixed the value of the trucks on the day of the trial at the sum of $10,000 and awarded him actual damages in the sum of $15,000 and exemplary damages in the sum of $1,000. Judgment was entered accordingly.

Respondent had not paid the full purchase price of the trucks on December 17, 1927. It would appear that there was a balance of $1581.60 on the principal, being the installments falling due on November 14 and December 14, 1927, and on January 14, 1928, and $68.89 interest unpaid on that date. It also appears that there were unpaid balances due from respondent which are referred to in the record as "San Francisco account, $22.60, Oakland account, $490.95, Los Angeles account, $69.75." There was also an unpaid account of $501.47, due from respondent to a garage owner in Fresno which had been assigned to appellant.

The conditional sales contract contained the following provisions: "All bills for repairs done upon, and labor and material furnished by the Seller to or for said personal property before the final payment thereon is made, shall be added to the purchase price of said personal property, and be payable to the seller on or before the 10th day of the next succeeding month, and shall bear interest and be subject to all the terms of this contract, as though an original part of the purchase price of said personal property."

Of course, this provision would not permit the amount of the Fresno account to be added to the purchase price of the trucks as the labor and materials were not furnished by the seller. It does not appear that all of the items of charges composing the other accounts were for "repairs done upon, and labor and materials furnished by the seller to or for" the trucks. While it would seem that some of the charges might properly be added to the contract price of the trucks, it is intimated that others were for gasoline and oil which could not become part of the purchase price under the contract. From the record before us we cannot determine the amount unpaid under the terms of the con-

ditional sales contract at the time suit was instituted by appellant. This makes it impossible for us to determine whether an attempted tender made by respondent to appellant was good in law.

Appellant urges many grounds for a reversal of the judgment, but we find it necessary to consider but one of them.

The court instructed the jury in part as follows:

"It is the duty of the jury to determine from all the evidence herein as to which of the parties were entitled to possession of said property on the 27th day of December, 1927. If you find the defendant was entitled to possession on that date then you shall find from the evidence the reasonable value of the property and also the amount of the damages defendant has sustained by reason of being deprived from the possession which is the reasonable rental value of said property for the stipulated time of 300 days, and if you find that the taking of this property was with intention to cause defendant oppression, fraud or malice, either express or implied; this is for sake of example and by way of punishment."

"The jury is instructed that if you find in favor of the defendant Baker, your verdict must be that the trucks shall be returned to the defendant and if such return cannot be had, then defendant shall recover of and from plaintiff, the value of the trucks on the day of trial, at such sum as you may fix. Your verdict shall then include that defendant Baker shall recover of and from plaintiff, the reasonable rental value thereof since the 27th day of December, 1927. If you find that plaintiff has been guilty of oppression, fraud or malice, actual or presumed, you may also award defendant such damages as you determine him to be entitled to."

The form of the verdict submitted to the jury was as follows: "We, the jury in the above-entitled action, find judgment for the defendant, Earl Baker, that the four trucks mentioned and described in the complaint be returned to defendant and we further find that the value of said trucks on the day of trial was the sum of $——. We further find judgment for the defendant as reasonable damages sustained by defendant to be the reasonable rental value of said trucks since December 27th, 1927, to date hereof in the

sum of $——; and we further find that the defendant is entitled to exemplary damages and fix the same in the amount of $——.''

It will be observed that the court instructed the jury to find the value of the trucks on the day of the trial, which it did. There were no other instructions given on the question of value. While the word ''value'' has various shades of meaning, it was undoubtedly used in the instructions in the sense of the sum for which the trucks might be bought and sold in the open market. This is a well-recognized and commonly understood definition of the word, and one which the jury undoubtedly used in arriving at the figure fixed in the verdict. It corresponds to the value placed upon the trucks by respondent and his witnesses. There is nothing in either the testimony of the witnesses or in the verdict to indicate that the term was used in the sense of the value of the interest of respondent in the trucks, as distinguished from their value in the open market. The term cannot be given a limited or special meaning, as distinguished from its usual definition, unless an intention to so use it appears. (Sec. 16, Code Civ. Proc.; sec. 1861, Code Civ. Proc.) We must, therefore, hold that when the jury fixed the value of the trucks at $10,000 it meant the price at which they could be bought and sold in the market, and not the worth of the special or limited interest of respondent in them. This is especially true in view of the fact that we find it impossible to determine the total amount unpaid on the conditional sales contract from the record before us, and therefore cannot determine the value of respondent's interest in the trucks.

The interest of respondent in the trucks was not the entire estate therein, but was special and limited. The value of his interest should have been determined by taking the market value of the trucks and deducting therefrom the amount remaining unpaid under the terms of the conditional sales contract. In case delivery of the trucks could not be made, he was not entitled to a judgment for the full market value of the trucks, but only to the value of his special interest in them (*Lindsey* v. *Butte,* 96 Cal. App. 465 [274 Pac. 428]; *Connell* v. *Hogg,* 181 Cal. 730 [186 Pac. 134]; *Connolley* v. *Power,* 70 Cal. App. 70 [232

Pac. 744]; *Griffith* v. *Reddick,* 41 Cal. App. 458 [182 Pac. 984]). As the jury evidently followed the instructions of the court and found the full market value of the trucks at the time of trial, and judgment was entered for this amount in case the trucks were not returned to respondent, we must conclude that the giving of the instructions on the question of value was prejudicial error requiring a reversal of the case.

Appellant in both his brief and in oral argument urged that there was misconduct on the part of the trial judge in remarks made by him in the presence and hearing of the jury. We cannot agree with appellant, and find nothing in the record to sustain this contention. He also urged that there is no evidence in the record sustaining the judgment for exemplary damages. Again we cannot agree with him. We would not disturb this portion of the judgment were the record free from other errors.

Judgment reversed.

Sloane, P. J., and Barnard, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 31, 1930, and the following opinion then rendered thereon:

THE COURT.—In his petition for rehearing the respondent offers, for the first time, to have the judgment for the value of the trucks reduced in the sum of $3,200.42, and upon such reduction being made, requests that the judgment be affirmed. In our opinion we did not find it necessary to consider or comment upon the amount awarded by the jury as damages sustained by the defendant by being deprived of the possession of the personal property for 300 days. The jury fixed the value of the property at $10,000, and the damages for its detention at $15,000. If this amount is not excessive it is dangerously near being so. We do not think it necessary to decide this question, but we believe the case should be tried anew. There are other very questionable parts of the record that it is not necessary to pass upon here.

The petition for rehearing is denied.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 29, 1930.