[Civ. No. 4679. Third Appellate District.—February 14, 1933.]

LYON RATHBUN, Respondent, v. J. A. HILL et al., Defendants; I. G. ZUMWALT, Appellant.

U. W. Brown and George R. Freeman for Appellant.

Alva A. King and E. Vayne Miller for Respondent.

PLUMMER, J., *pro tem.*—The plaintiff had judgment in this action for the recovery of a certain hay-baler, with an alternative judgment for the value thereof, in the sum of $641.66, in the event that recovery of the hay-baler could not be had, and also damages in the sum of $581 for the detention thereof. From this judgment the defendant I. G. Zumwalt alone appeals.

The record shows that on or about the tenth day of April, 1930, a conditional contract of sale of the hay-baler involved in this action was entered into between the defendant Zumwalt, as seller, and the defendant Hill, as purchaser, whereby the defendant Hill agreed to purchase from the defendant Zumwalt a certain hay-baler known as a "John Deere" power-press, together with a "Novo" motor, for the sum of

$1270, to be paid for at the rate of $1 per ton for each ton of hay baled by said press, the money earned for baling hay to be promptly paid by the purchaser to the seller as soon as earned and collected. All of the purchase price to be paid by November 1, 1931.

In pursuance of this conditional contract, the defendant Hill took possession of the hay-baler, operated the same during the year 1931, and made payment on the purchase price thereof at the rate of $1 per ton as the hay was baled on said press, to the amount of $620, leaving a balance due on the purchase price of $650. Thereafter, and on or about the twenty-fifth day of March, 1931, the defendant Hill entered into a contract of sale with the plaintiff, whereby the defendant Hill transferred to the plaintiff all his right, title and interest in and to the hay-baler or power-press, the plaintiff agreeing in said contract to comply with all the terms and conditions of the conditional contract of sale entered into between the defendants Hill and Zumwalt. At the time of entering into the contract between the plaintiff and Hill, the plaintiff paid on account of the purchase price of said hay-baler or power-press the sum of $100, which was delivered to and accepted by the defendant Zumwalt, and credited as so much payment on the conditional contract of sale.

On or about the fourteenth day of June, 1931, the defendant Hill becoming dissatisfied with the quantity of hay being baled by the plaintiff, took possession of the power-press and motor, and the same were, up until the time of the trial of this action, withheld from the possession of the plaintiff. After the taking of possession of the power-press and motor by the defendant Hill, it appears that Hill redelivered the same to the defendant Zumwalt, who had some repairs made thereon, and thereafter, and on or about the twenty-fourth day of June, 1931, the power-press and motor were redelivered to the defendant Hill by Zumwalt under a different contract of sale. The conditional contract of sale first executed between the defendants Hill and Zumwalt appears to have been canceled, and a promissory note for the purchase price of the power-press and motor executed by Hill and delivered to Zumwalt was also taken up and canceled. In connection with this transaction it appears that the defendant Risley became associated with Hill in

possession and control of the power-press and motor. Some negotiations took place between the plaintiff and Zumwalt relative to the return of the power-press and motor to the plaintiff, and according to the plaintiff's testimony the plaintiff was informed that he could regain possession of the power-press and motor only by bringing suit.

Upon this appeal the defendant Zumwalt sets forth four grounds for reversal: First, that the complaint does not state a cause of action; second, that the evidence is insufficient to justify the verdict; third, that the damages are excessive; fourth, error in instructing the jury.

The complaint alleges the assignment by Hill of all his right, title and interest in and to the property involved herein, and that the plaintiff is entitled to the immediate possession thereof. The complaint then alleges the value of the property as being in the sum of $1,000. Paragraph III of the complaint alleges that on the fourteenth day of June, 1931, the defendants, without right and without consent of the plaintiff, took possession of said described personal property, and ever since have, and at the time of the filing of the complaint, wrongfully continued to retain possession of said property without the consent of the plaintiff. The complaint further alleges that the plaintiff has been deprived of the use of said property, to his damage in the sum of $49.50 per day. The prayer of the complaint is for the return of the property, or its value, in the sum of $1,000, and for damages in the sum of $49.50 for each day of the detention of said property by the defendants.

The appellant bases his allegation that the complaint does not state a cause of action on the fact that the complaint does not allege the value of the interest in the property involved. No authorities are cited to support this contention. It is true, as hereinafter stated, that the plaintiff, in the event recovery of the property cannot be had, is entitled only to a money judgment equivalent to the value of his interest in the property. The right of immediate possession is alleged to be in the plaintiff, which possession is alleged to be wrongfully withheld by the defendants, the damages resulting from the detention being also set forth. We think these allegations state a cause of action.

Under the assignment that the evidence is insufficient to support the verdict, the appellant alleges the absence of

a demand before the beginning of the action. In so far as the defendant Zumwalt is concerned, we think the conversations set forth in the record as having taken place between the plaintiff and the defendant Zumwalt sufficient to constitute a demand. However, the answers of the three defendants show that no demand was necessary, as all of the defendants have denied the right of the plaintiff to the possession of the property, the defendants Hill and Risley setting forth ownership therein under a conditional contract of sale, and the answer of the defendant Zumwalt, showing that he is still the legal owner, and denying the right of the plaintiff to the possession of the property.

A considerable portion of the briefs filed by the respective counsel urging the second grounds set forth for reversal, overlap and cover the claim on the part of the appellant that the damages are excessive. By the verdict the sum of $581 was allowed as damages for the detention of the property. The property was taken from the possession of the defendant on the fourteenth day of June, 1931. The trial was had in the month of .December, 1931. The evidence shows that the hay-baling season continued through the months of June, July, August, September and October. It further appears from the testimony that the plaintiff had entered into negotiations with different farmers relative to the baling of the hay produced by them to the extent of several hundred tons, more than sufficient to pay the remainder of the purchase price of the power-press and motor, by making payment of $1 for each ton of hay baled during the baling season of 1931. The record shows that the purchase price of the baler was $1270; that during the season of 1930 the defendant Hill had made payment on the purchase price of the power-press and motor in the sum of $620, this payment being made at the rate of $1 for each ton of hay baled by Hill, which shows that the earning capacity or rental value of the baler, which was fixed at $1 per ton, would have returned to the plaintiff more than the sum of $581 allowed by the jury for the detention thereof.

The appellant further contends that the action must fail as to Zumwalt for the reason that the testimony shows that the possession of the power-press and motor was not in Zumwalt at the time of the beginning of the action. In support of this contention a number of cases are cited, in-

cluding that of *California Packing Corp.* v. *Stone,* 64 Cal. App. 488 [222 Pac. 193], where all the cases to which our attention is called are listed. In that action this court used the following language: "In an action in replevin or claim and delivery, being an action for the recovery of specific personal property, in order to sustain a judgment for the plaintiff, it must be shown that possession was in the defendant at the time of the beginning of the action, or that he had the power to make delivery of the personal property for the recovery of which the action is prosecuted."

The answer of the defendant Zumwalt, after denying the right of the plaintiff to the possession of the property, contains the following: "Denies that this defendant, ever since said date and/or does now wrongfully detain possession thereof from plaintiff, but upon the contrary alleges that since the 14th day of June, 1931, to-wit: on the —— day of June, 1931, defendant J. T. Hill voluntarily delivered possession of said personal property to this defendant in settlement and cancellation of said conditional sales contract for the purchase of said hay-baler by said Hill from this defendant, dated April 10, 1930, whereupon this defendant repaired said hay-baler and subsequently and prior to the bringing of this action, to-wit: on June 23, 1931, entered into a conditional sales contract with said J. T. Hill and one A. P. Risley whereby this defendant agreed to sell said hay-baler to said Hill and Risley, and delivered the same to the said defendants Hill and Risley." This pleading on the part of the defendant Zumwalt shows the legal title to the property still vested in him, and also shows the attempt found by the verdict of the jury to be a wrongful one on the part of the appellant to place the property beyond the reach of the appellant.

While the general rule prevails, as stated by this court in the case of *California Packing Corp.* v. *Stone, supra,* that an action in replevin will not lie against one not in possession at the time of the bringing of the suit, yet there is a well-defined exception thereto. The exception is stated as follows in a number of cases, to wit: "The rule that an action to recover the possession of personal property does not lie against one not in possession of the property, does not obtain where the defendant had been in possession and wrongfully disposed of the property prior to the commence-

ment of the action without the knowledge of the plaintiff at the time." Our attention has not been called to anything in the record indicating that the plaintiff knew of the second conditional sales contract between the defendants at the time of the beginning of suit.

The facts disclosed by the record show that the appellant, after the attempt on the part of the plaintiff to obtain possession of the property involved herein, and the conversations which took place between the parties, amounting to a demand, as we have stated, dispossessed himself of the immediate possession, and we may add that there is nothing in the record showing that the appellant did not have, at the time of the trial, control of the property, as well as the legal title thereto, nor that he did not have the power to make redelivery.

In the case of *Andrews* v. *Hoeslich*, 47 Wash. 220 [91 Pac. 772, 125 Am. St. Rep. 896, 14 Ann. Cas. 1118, 18 L. R. A. (N. S.) 1265], it is held that under the circumstances disclosed by the record in this case, the action of replevin will lie. On page 1269 of 18 L. R. A. (N. S.) a large number of cases are quoted supporting the rule which we have stated, that where the defendant has wrongfully parted with the possession of the property before the action is commenced, it does not lie within his power to defeat the suit by such wrongful practices. A defendant cannot part with property in bad faith and then plead his own bad faith as a defense to the plaintiff's cause of action. (See, also, *White* v. *Miley et al.*, 137 Wash. 80 [241 Pac. 670], where the Supreme Court of Washington points out instances where the exception to the general rule applies.)

█ It is finally urged that the court erred in its instructions to the jury, and that the plaintiff was not and is not entitled to a recovery of the full value of the power-press and motor in the event that redelivery is not made. This contention appears to be well taken. At the request of the plaintiff the court instructed the jury as follows: "If you find from the evidence that the plaintiff, Lyon Rathbun, has a right to the possession of the hay-baler, you shall award him as damages the return of the hay-baler or the value of the baler in case a return cannot be had." This instruction was erroneous. The plaintiff, in event that re-

delivery could not be had, was entitled only to recover the value of his interest therein.

In *Campbell* v. *Smith*, 96 Cal. App. 689 [274 Pac. 758], this court had before it a case involving an identical issue, and we there quoted with approval the following: "Where in an action of replevin by the general owner of property against one who has a special interest therein, the property has been delivered to the plaintiff, the true value to be assessed and recovered by the defendant, where the suit goes in his favor, is the value of his special or limited interest in the goods recovered." The cases are too numerous to be recited, and therefore we refer only to page 696, *supra*, where the cases may be found.

In *Booth* v. *People's Finance & Thrift Co. of Modesto et al.*, 124 Cal. App. 131 [12 Pac. (2d) 50], the same question was before this court, and we there held as follows, quoting from the cases there listed, to wit: "In *Bunnell* v. *Baker*, 104 Cal. App. 313 [285 Pac. 877, 879, 286 Pac. 1090, 1091], the extent of the recovery under such circumstances is there stated: 'The interest of respondent in the trucks was not the entire estate therein, but was special and limited. The value of his interest should have been determined by taking the market value of the trucks and deducting therefrom the amount remaining unpaid under the terms of the conditional sales contract. In case delivery of the trucks could not be made, he was not entitled to a judgment for the full market value of the trucks, but only to the value of his special interest in them. *Lindsey* v. *Butte*, 96 Cal. App. 465 [274 Pac. 428, 275 Pac. 525] ; *Connell* v. *Hogg*, 181 Cal. 730 [186 Pac. 134] ; *Conolley* v. *Power*, 70 Cal. App. 70 [232 Pac. 744] ; *Griffith* v. *Reddick*, 41 Cal. App. 458 [182 Pac. 984]. As the jury evidently followed the instructions of the court and found the full market value of the trucks at the time of trial, and judgment was entered for this amount in case the trucks were not returned to respondent, we must conclude that the giving of the instruction on the question of value was prejudicial error requiring a reversal of the case.' " The instruction of the court in the Booth case was as follows: "If you find from the evidence in this case that a delivery or return of said motor vehicle cannot be had, then if you find as aforesaid, that the plaintiff is entitled to the possession of said motor vehicle, your verdict

shall be for the plaintiff and against the defendant, in such amount as you find from the evidence to be the reasonable value of said motor vehicle.'' The instruction in the case at bar is identical in substance with the one which we have just quoted, and which was held erroneous and shown to be erroneous by the authorities which we have cited. The special interest of the plaintiff in the power-press and motor was the sum of $100, being the whole amount of his payment on the purchase price thereof. The value of the power-press and motor was fixed by the jury at the sum of $641.66, which was in excess of the value of the plaintiff's interest therein to the amount of $541.66.

In order that the cause may be finally determined upon this appeal, we will follow the rule laid down in the case of *Wilkinson* v. *Singh*, 93 Cal. App. 337 [269 Pac. 705], and also followed in the Booth case, *supra*, and make the following order:

That in the event the plaintiff shall, within twenty days after the filing of this opinion, file with the clerk of this court a *remittitur* of $541.16 of the sum found as the value of the property to be recovered by the plaintiff in the event that redelivery of the property cannot be had, the judgment herein as so modified shall stand affirmed; otherwise, reversed.

The appellant will be awarded his costs on appeal.

Pullen, P. J., and Thompson, J., concurred.

On February 28, 1933, the following order was filed:

THE COURT.—It appearing that the respondent has filed in this court on this, the twenty-eighth day of February, 1933, a *remittitur* of compensatory damages in the sum of $541.16, the judgment in this cause is hereby modified to that extent, and as modified, is affirmed. The appellant is awarded costs.