[Civ. No. 8250.   Third Dist.   Feb. 25, 1954.]

THE STOCKTON MORRIS PLAN COMPANY (a Corporation), Appellant, v. MARIPOSA COUNTY, Respondent.

Lafayette J. Smallpage and Harold J. Willis for Appellant.

Robert Owen Curran, District Attorney, for Respondent.

PEEK, J.—The history of this controversy first shows an action by plaintiff in claim and delivery to recover possession of certain grading equipment, or if recovery could not be had, then the market value thereof. When the case was called for trial defendant county moved for judgment on the pleadings. Apparently the motion was submitted pending the introduction of certain testimony, following which the trial court entered judgment for the county on its motion. Plaintiff's appeal from that judgment was reversed (99 Cal.App.2d 210 [221 P.2d 232]) upon the grounds that complaint alleged legal title in plaintiff; a right to possession; actual possession in defendant; a demand by plaintiff for possession and a refusal by defendant to deliver; and hence a cause of action was stated as against defendant's motion. Following the return of the case to the trial court, it was stipulated that the cause might be resubmitted upon the evidence introduced at the first hearing. Thereafter the court made and entered its findings favorable to the defendant county and judgment was entered accordingly. Plaintiff has now appealed from that judgment.

It should be noted that a second action was instituted by plaintiff against the seller of the equipment. That action was predicated upon the assignment to plaintiff of the contract of sale alleged to have been executed by the seller, the California Tractor and Equipment Corporation and the buyer, "Mariposa County District No. 5." From a judgment for plaintiff the defendant equipment company appealed. (112 Cal.App.2d 684 [247 P.2d 90].) In the opinion in that case we held that the "Mariposa County District No. 5" was not a legal entity capable of contracting; that if the contract were treated as being by the county then it also was void, first because it was not signed by the required number of members of the county board of supervisors (Sts. & Hy. Code, § 909), and second, it was in violation of Constitution of this state, article XI, section 18, in that it provided for installment pay-

ments extending beyond the fiscal year in which it was executed; that such a contract could not be made the basis of an action; that it was illegal regardless of the intent of the parties; that no one could be estopped from denying its legality; and that ". . . under such circumstances no relief to any of the parties to this transaction can be given by a court." (P. 689.)

Returning to the present proceeding, it is apparent that appellant has misconstrued the opinion in the first appeal. As noted that appeal involved only the question of the sufficiency of the complaint as against a motion for judgment on the pleadings. The present appeal is now before us following a hearing on the merits and hence an entirely different rule must apply.

As stated in 10 California Jurisprudence 2d 496, the essential object of a claim and delivery action is ". . . the enforcement of the right of the plaintiff to the present possession of chattels against a defendant who unlawfully detains them. . . ." That text concludes with the statement that the ". . . ultimate issue is the single question of whether or not the plaintiff is entitled to the possession of the property." (P. 497.)

It is plaintiff's contention that since the County of Mariposa is not a party to the contract, it therefore has no right to retain possession of the equipment. But, as previously noted, plaintiff, in order to recover in this proceeding, must do so upon the strength of its own right to possession and ". . . not on the weakness of [its] adversary's title or right of possession. . . ." (46 Am.Jur. § 23, p. 15.) Moreover any right of possession in plaintiffs could only exist by reason of the contract as assigned to it by the equipment company. However, that contract was void and unenforceable for the reasons stated in the second appeal and therefore, under such circumstances, this court could give ". . . no relief to any of the parties to this transaction. . . ." (112 Cal.App.2d 684, 689 [247 P.2d 90].)

The judgment is affirmed.

Van Dyke, P. J., and Bedeau, J. pro tem.,* concurred.

A petition for a rehearing was denied March 16, 1954.

*Assigned by Chairman of Judicial Council.