[Civ. Nos. 7755, 7789. Third Dist. Aug. 25, 1950.]

THE STOCKTON MORRIS PLAN COMPANY (a Corporation), Appellant, v. MARIPOSA COUNTY et al., Respondents.

(Two Cases.)

Lafayette J. Smallpage and Harold J. Willis for Appellant.

Robert Owen Curran, District Attorney, for Respondents.

VAN DYKE, J.—The Stockton Morris Plan Company, plaintiff and appellant here, brought suit against Mariposa County and one S. A. Milton to recover possession of a piece of road equipment called a maintainer. The complaint alleges the corporate status of plaintiff, the political status of Mariposa County, and concerning Milton, that at the time of the execution of a certain contract referred to in the pleading he was doing business under the fictitious name and style of "Mariposa County District No. 5." Further it is alleged that on March 31, 1947, California Tractor and Equipment Company by a conditional sale contract containing the usual reservation of title in itself sold and delivered the maintainer to Milton for a price of something over $7,000, upon which a balance remained unpaid; that on the same day California Tractor and Equipment Company transferred to plaintiff all its title to the maintainer and all its rights arising under the conditional contract of sale; that the contract provided that if Milton failed to pay the required installments upon the unpaid balance of the purchase price the plaintiff, as such assignee, could take immediate possession of the property; that no payments had been made and that plaintiff had elected to take such possession. Further, as to Mariposa County, it was alleged that it was in possession of the maintainer and,

written demand therefor having been made, had refused and still refuses to deliver it to plaintiff, detaining the same from plaintiff's possession without right, to plaintiff's damage; that the property had not been taken for taxes, assessment or fine, pursuant to a statute, or seized under execution or an attachment against plaintiff's property and that plaintiff was entitled to immediate possession. The prayer was for judgment against the two defendants for the recovery of the maintainer, or if that could not be had then for the market value thereof.

When the case was called for trial defendant Mariposa County moved the court for judgment on the pleadings as to it. No such motion was made by Milton. The trial court did not immediately rule upon the motion and certain stipulations of fact were entered into and the parties having thus progressed as far as they could by agreement, several witnesses were sworn and their testimony taken. The matter was then submitted and the trial court issued an order granting the county's motion for judgment on the pleadings and thereafter caused such judgment to be entered, decreeing that plaintiff take nothing as against the county. As to Milton the court made findings of fact, drew conclusions of law and gave judgment that plaintiff take nothing as to him. Plaintiff has appealed from both judgments. The parties have presented their contentions upon a single record on appeal and we shall render but one opinion.

■ Treating first the appeal from the judgment on the pleadings in favor of the respondent Mariposa County, it must be said at the outset that the sole question is whether or not the complaint stated a cause of action. As the Supreme Court said in *Rannard* v. *Lockheed Aircraft Corp.*, 26 Cal.2d 149, 151 [157 P.2d 1]:

''In considering whether the judgment on the pleadings was properly granted, it is but necessary to determine the sufficiency of the complaint upon the same principle as though it had been attacked by general demurrer. In other words, it is only where there is an entire absence of some essential allegation that a motion for judgment on the pleadings may be properly granted.''

See also *Bates* v. *Escondido Union High School Dist.*, 133 Cal.App. 725, 727 [24 P.2d 884], in which the court, after stating the foregoing principle, said: ''This court cannot consider anything outside of the complaint itself and must disregard any defect that might be reached by a special demurrer.''

Applying the foregoing rule, we must, therefore, disregard the stipulation of facts and the testimony appearing in the record, for nothing contained therein can be looked to in support of the judgment on the pleadings. If that judgment cannot stand solely upon deficiencies in the complaint, the proper course would have been the determination of the cause upon the merits. Nor are issues raised by the answer to be considered, nor the validity of any theory of defense to the action which may be therein set forth.

We think it is apparent from our statement of the allegations contained in the complaint that the action as against the county at least was the simple one of replevin, since the complaint contains all the essential allegations in such a suit and nothing in addition thereto, which in anywise could change the character of the proceeding. Summarized, the complaint alleges title in plaintiff to the property demanded; right to possession thereof when the action was begun; actual possession of the property by the county; demand for possession and refusal to deliver. These allegations have so often been held to sufficiently state a cause of action in replevin that extensive citation of authority could be made, but is unnecessary. It will suffice to quote the following from 5 California Jurisprudence 185:

"The ultimate fact which must be pleaded in an action for the recovery of the possession of personal property is, that plaintiff was at the time the action was commenced the owner of . . . the chattel, coupled with a right to the immediate possession thereof, and that the property was at that time wrongfully in the possession of defendant. If these are alleged, it is not necessary to state the grounds on which the allegations are based."

Counsel for the respondent county have by permission of this court filed herein as their brief on appeal the same brief which they filed in the trial court. An examination thereof discloses that their sole contention in the trial court was based upon the claimed invalidity of the conditional sale contract referred to in the complaint and the asserted legal effects flowing therefrom, but, as we have said, the complaint did not go upon allegations of contractual relations between the plaintiff and the county and no such contractual relations are alleged ever to have existed and no invalidity appears on the face of the contract. The conditional sale contract referred to, copy of which is attached to the complaint, does not purport to be a contract with Mariposa County nor does it any-

where appear therein that it was the intention of those who did execute the contract that the county should be a party thereto. Apparently the pleader thought best to refer to the contract as showing not only the ownership of the legal title to the chattel by its assignor and the transfer of that title to itself, but also the ground of its right to immediate possession thereof so far as defendant Milton was concerned, to whom the complaint alleges the chattel had been conditionally sold. It is apparent that as far as the complaint is concerned—and that is all we are now considering—it stated a cause of action against the county in replevin, and therefore the judgment on the pleadings in favor of the county must be and it is reversed.

The judgment in favor of defendant Milton rests upon different grounds. It purports to be a judgment on the merits at the trial, preceded by findings of fact and conclusions of law found and drawn by the trial court. Milton answered the plaintiff's complaint. Summarized, he admitted the possession by the county of the maintainer, and denied that he possessed the same or claimed any interest therein or had refused to deliver possession in response to plaintiff's demand. He admitted that he had executed the contract referred to in plaintiff's complaint, although alleging that he had done so with the intention that the maintainer should become the property of Mariposa County. In short, in an action of replevin brought against him he disclaimed all interest in the property sought to be recovered and denied that he possessed the same. These matters were found to be true by the trial court and it would ordinarily follow therefrom that Milton was entitled to the judgment in his favor which he received.

However, appellant argues as follows: That Milton executed the contract as agent for "Mariposa District No. 5"; that Milton did not purport to bind the county of Mariposa and that the county's name appears nowhere upon the face of the contract; that prior to contracting Milton did not have the approval of the board of supervisors of the county relative to the contract or to the purchase of the maintainer; that Mariposa County District No. 5, a road district, is not a political entity and has no corporate existence either de jure or de facto; that Milton did not intend to contract upon his own behalf, but did intend to contract as agent of the road district which he knew did not exist as a political entity. From all of this appellant argues that Milton became liable on the contract as a principal, citing Civil Code, section 2342, since he had assumed to act as an agent and thereby warranted to

appellant's assignor that he had authority to act as such and because, purporting to act as an agent, he entered into a written contract in the name of a principal without believing in good faith that he had authority to do so.

Assuming the validity of appellant's argument it does not follow that in this action appellant was entitled to any relief against Milton. The only relief it has asked against Milton by its complaint is the recovery of a chattel, the possession of which the county had at all times. The trial court found as a fact that the county had possession of the chattel and that Milton had not had possession thereof. These findings were supported by substantial evidence. Milton had testified that he had never claimed any interest in the maintainer nor any intent to purchase, use or dispose of the same for himself. Plaintiff sued here, not upon its contractual rights against Milton, whatever they may have been, arising out of his having acted as an unauthorized agent, but to recover possession of the chattel it claimed to own and which it claimed was being withheld from it unlawfully and to such an action, with some exceptions not material here, nonpossession is a complete defense. (*California Packing Corp.* v. *Stone,* 64 Cal.App. 488 [222 P. 193].) We quote from the headnote:

"In an action in replevin or claim and delivery, being an action for the recovery of specific personal property, in order to sustain a judgment for the plaintiff, it must be shown that possession was in the defendant at the time of the beginning of the action or that he had the power to make delivery of the personal property for the recovery of which the action is prosecuted." (See also *Rathbun* v. *Hill,* 129 Cal.App. 601 [19 P.2d 64].)

For the reasons given, the judgment in favor of the county of Mariposa, based upon the order granting the county's motion for judgment on the pleadings, is reversed, and the judgment in favor of respondent Milton on the merits is affirmed.

Adams, P. J., and Peek, J., concurred.

A petition for a rehearing was denied September 19, 1950, and respondents' petition for a hearing by the Supreme Court was denied October 23, 1950. Carter, J., voted for a hearing.