[Civ. No. 20623.  Second Dist., Div. One.  Feb. 28, 1955.]

JOHN CARAS et al., Appellants, v. JAMES E. PARKER et al., Defendants; LEON GOLDBERG et al., Respondents.

Tanner & Thornton and Dee B. Tanner for Appellants.

Low & Stone for Respondents.

DRAPEAU, J.—Plaintiffs, husband and wife, contracted with defendant James E. Parker to purchase real property. These three entered into an escrow agreement to carry the contract into effect.

Then defendants Leon and Fannie Goldberg offered plaintiffs $1,000 for their bargain.  When this offer was refused, the Goldbergs prevailed upon defendant Parker to breach his contract and convey the property to them.

In their first amended complaint plaintiffs allege that Goldberg's purchase from Parker was with full knowledge of plaintiff's contract, and that the Goldbergs conspired with Parker to breach the contract and convey the property to them instead of to plaintiffs.

Motion for judgment on the pleadings was denied when the case was called for trial on the merits.  Then, before

plaintiffs rested their case in chief, apparently the court reconsidered and granted the motion.

Plaintiffs appeal from the judgment which followed, against them and for the Goldbergs. The case against Parker went back on calendar.

The amended complaint states a cause of action against all of the defendants. If the facts alleged can be proved, plaintiffs are entitled to specific performance of their contract as against them all.

It is only when there is an entire absence of some essential allegation in pleadings that a motion for judgment thereon may be granted. (*Rannard* v. *Lockheed Aircraft Corp.*, 26 Cal.2d 149 [157 P.2d 1]; *Stockton Morris Plan Co.* v. *Mariposa County*, 99 Cal.App.2d 210 [221 P.2d 232]; and see 40 C.L.R. 192.)

Where a vendor's grantee has actual or constructive notice of the prior rights of a purchaser, specific performance against such grantee is authorized under section 3395 of the Civil Code. Such a grantee is not a purchaser in good faith. (*McLane* v. *Van Eaton*, 60 Cal.App.2d 612 [141 P.2d 783]. And for an early all-fours case see *Hildreth* v. *Shelton*, 46 Cal. 382, 383.)

The judgment is reversed.

White, P. J., and Doran, J., concurred.