GULF INSURANCE COMPANY,
a Missouri corporation,
Plaintiff,

v.

HI–VOLTAGE WIRE WORKS, INC.
dba Power Providers, a California corporation; Steve K. Zinnel, an individual; Michelle M. Zinnel, an individual, Defendant.

No. Civ. S 03–1351MCEKJM.

United States District Court,
E.D. California.

April 28, 2005.

Craig E. Guenther, James G. Stanley, Robert Hafen Briggs, Booth Mitchel and Strange, Orange, CA, for Plaintiff.

Steve K. Zinnel, Gold River, CA, pro se.

Edward Anthony Smith, Dudugjian and Maxey, Roseville, CA, for Defendants.

## MEMORANDUM AND ORDER

ENGLAND, District Judge.

Plaintiff Gulf Insurance Company has asked the Court to grant summary adjudication against Defendant Steve K. Zinnel ("Defendant") on its claims for express indemnity and breach of contract. For the reasons stated below, Plaintiff's motion is DENIED.

## BACKGROUND [1]

The present dispute arises out of a general agreement of indemnity (hereinafter the "Indemnity Agreement") involving Plaintiff and Defendant. The Indemnity Agreement was entered into on July 15, 1996. (Mot. for Summ. J., Ex. B at 1.) According to Plaintiff, the Indemnity Agreement was partially based on Plaintiff's execution of bonds in favor of Defendant. (Mot. for Summ. J. at 4:7–8.)

On January 12, 2000, two third-party subcontractors brought an action against a bond issued on Defendant's behalf. (Mot. for Summ. J. at 5:13–14.) Plaintiff allegedly incurred $496,024.77 in expenses and losses in settling this third-party lawsuit. (Pl.'s Mot. for Summ. J. at 8:23–24, 9:12.) Plaintiff claims that by virtue of the Indemnity Agreement, Defendant is liable for the resulting expenses and losses.

On June 25, 2003, Plaintiff brought suit against Defendant for (1) express indemnity, (2) specific performance, (3) breach of contract, and (4) reimbursement. For purposes of this motion, the Court is only concerned with Plaintiff's first and third causes of action, express indemnity and breach of contract, respectively.

On March 4, 2005, Plaintiff brought the present motion for summary adjudication of its express indemnity and breach of contract claims. Plaintiff contends that the Indemnity Agreement, as well as the other evidence presented with the present motion, establishes that no genuine issue of material fact exists with regard to Defendant's liability for express indemnity and breach of contract.

In opposition, Defendant argues that genuine issues of material fact exist with regard to (1) the existence of a contract between Plaintiff and Defendant and (2) whether Plaintiff reasonably incurred the losses related to the third-party suit against the payment bond. (Def.'s Opp. to Pl.s' Mot. for Summ. J. at 6:1, 7:4.)

## STANDARD

The Federal Rules of Civil Procedure [2] provide for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Rule 56 also allows a court to grant summary adjudication on part of a claim or defense. *See* Fed.R.Civ.P. 56(a) ("A party seeking to recover upon a claim ... may ... move ... for a summary judgment in the party's favor upon all or any part thereof."); *see also Allstate Ins. Co. v. Madan*, 889 F.Supp. 374, 378–79 (C.D.Cal. 1995); *France Stone Co., Inc. v. Charter*

---

1. Some of the factual allegations as set forth in this section are disputed by the parties. To the extent either party has interposed evidentiary objections to said allegations, those objections are overruled unless otherwise noted.

2. Unless otherwise stated, all further references to a "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

*Township of Monroe,* 790 F.Supp. 707, 710 (E.D.Mich.1992).

The standard that applies to a motion for summary adjudication is the same as that which applies to a motion for summary judgment. *See* Fed.R.Civ.P. 56(a), 56(c); *Mora v. Chem–Tronics,* 16 F.Supp.2d 1192, 1200 (S.D.Cal.1998).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett,* 477 U.S. at 323, 106 S.Ct. 2548 (quoting Rule 56(c)).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 585–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *First Nat'l Bank v. Cities Serv. Co.,* 391 U.S. 253, 288–89, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968).

In attempting to establish the existence of a factual dispute, the opposing party must tender evidence of specific facts in the form of affidavits or admissible discovery material in support of its contention that the dispute exists. Fed.R.Civ.P. 56(e). As the Supreme Court explained, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more that simply show that there is some metaphysical doubt as to the material facts ... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.' " *Matsushita,* 475 U.S. at 586–87, 106 S.Ct. 1348.

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *Richards v. Nielsen Freight Lines,* 602 F.Supp. 1224, 1244–45 (E.D.Cal.1985), *aff'd,* 810 F.2d 898 (9th Cir.1987).

## ANALYSIS

**1. Plaintiff's Breach of Contract Claim.**

█ Plaintiff contends that Defendant is liable for breaching the July 15, 1996 Indemnity Agreement. To establish a breach of contract under California law, Plaintiff must show the following: (1) existence of a contract, (2) performance by the plaintiff or excuse for nonperformance, (3) breach by the defendant, and (4) damages. *First Commercial Mortgage Co. v. Reece,* 89 Cal.App.4th 731, 745, 108 Cal.Rptr.2d 23 (2001); *Lortz v. Connell,* 273 Cal. App.2d 286, 290, 78 Cal.Rptr. 6 (1969). For purposes of this motion, the Court need only address the first and third elements: (1) whether a contract exists, and (3), whether defendant breached the contract.

█ With regard to the first element, the existence of a contract, the Court finds that a contract exists and that Plaintiff can enforce the contract against Defendant. The Indemnity Agreement states that it is "executed and delivered ... by the principal ... in favor of Surety." (Pl.'s Mot. for Summ. Adjud., Ex. B at 1.) Defendant signed the Indemnity Agreement under the headings titled "PRINCIPAL" and

"INDIVIDUAL INDEMNITORS." (Mot. for Summ. Adjud., Ex. B at 3, Ex. C at 3:14-18.) Furthermore, "Surety" is defined under the terms of the contract to include "Gulf Insurance Company." (Pl.'s Mot. for Summ. Adjud., Ex. B at 3.) Therefore, the Court finds that the agreement was executed by Defendant in favor of Plaintiff. As such, Plaintiff is a third-party beneficiary to the Indemnity Agreement.

■ Under California Law, a third-party beneficiary can enforce a contract made expressly for its benefit. Cal. Civ.Code § 1559; *San Diego Housing Com'n v. Industrial Indem. Co.*, 95 Cal.App.4th 669, 685, 116 Cal.Rptr.2d 103 (2002); *Shell v. Schmidt*, 126 Cal.App.2d 279, 290, 272 P.2d 82 (1954). Thus, Plaintiff can enforce the Indemnity Agreement against Defendant.

The evidence presented by Plaintiff demonstrates as a matter of law that the Indemnity Agreement is enforceable against Defendant. Defendant's bare, self-serving allegations to the contrary are not sufficient to raise a genuine issue of material fact. *F.T.C. v. Publishing Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir.1997) (noting that "[a] conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact."). *See* Fed.R.Civ.P. 56(e) (2005); *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548.

With regard to the third element, whether defendant breached the Indemnity Agreement, the Court finds that a genuine issue of material fact exists. Under the terms of the Indemnity Agreement, Defendant is only bound by Plaintiff's settlement of a third-party suit against the bonds if certain conditions are satisfied:

A. Surety may pay or compromise any claim, demand, suit, judgment or expense arising out of any Bond(s), and any such payment or compromise shall be binding upon the Undersigned and included as a liability, loss or expense covered by this Agreement, *provided* the same was made by Surety in the *reasonable belief* that it was liable for the amount disbursed, or that such payment or compromise was *reasonable* under all the circumstances.

(Pl.'s Mot. for Summ. Adjud., Ex. B at 1 (emphasis added))

■ Thus, in order to determine whether Defendant is obligated to indemnify Plaintiff, the Court must ascertain whether (1) Plaintiff reasonably believed liability existed, or (2) Plaintiff's settlement of the third-party suit was reasonable. Questions of reasonableness are questions of fact, to be decided by a jury. *Brasher's Cascade Auto Auction v. Valley Auto Sales and Leasing*, 119 Cal.App.4th 1038, 1059, 15 Cal.Rptr.3d 70 (2004). *See also Barth–Wittmore Ins. v. H.R. Murphy Enterprises, Inc.*, 169 Cal.App.3d 124, 131, 214 Cal.Rptr. 894 (1985).

Moreover, Defendant has presented evidence disputing the reasonableness of Plaintiff's underlying settlement of the third-party lawsuit.[3] Specifically, Defendant states in his declaration that "[e]ven though POWER PROVIDERS [Defendant] maintained its position that ABB had defaulted on the Project and thus was not entitled to receive any more money than POWER PROVIDERS already paid, Gulf [Plaintiff] wanted to unilaterally settle the matter." (Decl. of Steve K. Zinnel at ¶ 18.) Without knowing whether Plaintiff acted reasonably in settling the third-party suit, the Court cannot determine whether

---

3. The Court finds that Defendant did not violate Rule 26(e)(2). However, even if Defendant were in violation of Rule 26(e)(2), his "failure is harmless" because the substance of any new information in his declaration was conveyed to Plaintiff through Defendant's answer. Fed.R.Civ.P. 37(c)(1)(2005). *See also* (Def.'s answer at 6:21.)

Defendant breached the contract at issue. As such, the Court finds that a genuine issue of material fact exists. Consequently, Plaintiff's motion for summary adjudication is denied with regard to its breach of contract claim.

## 2. Plaintiff's Express Indemnity Claim

■ Plaintiff contends that Defendant is liable for express indemnity. To establish a claim for express indemnity under California law, Plaintiff must show the following: (1) fault on behalf the indemnitor and (2) resulting damages to indemnitee for which the indemnitor is contractually liable. *Expressions at Rancho Niguel Assoc. v. Ahmanson Developments, Inc.,* 86 Cal. App.4th 1135, 1139, 103 Cal.Rptr.2d 895 (2001). For purposes of this motion, the Court need only address whether Defendant is contractually liable for Plaintiff's damages.

The Court finds that there is a genuine issue of material fact as to whether Defendant is contractually liable for Plaintiff's damages. In order to determine contractual liability, the Court must determine whether Defendant breached the Indemnity Agreement. As discussed in Section One above, the Court finds that there exists a genuine issue of material fact as to whether Defendant breached the Indemnity Agreement. Consequently, Plaintiff's motion for summary adjudication is denied with regard to its express indemnity claim.

## CONCLUSION

For the aforementioned reasons, Plaintiff's motion for summary adjudication against Defendant with regard to its express indemnity and breach of contract claims is DENIED.

IT IS SO ORDERED.